**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:   **McGee Carswell Mays**                                      **Case No. 24-12433-JDW**
        **Kevin Michael Mays, Debtors**                          **CHAPTER 13**

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF NECESSARY EXPENSES
FOR THOMAS C. ROLLINS, JR.**

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtors, and

files this *Final Application for Allowance of Compensation and Reimbursement of Necessary*

*Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this

Honorable Court as follows, to-wit:

1.    On August 14, 2024, Debtors filed a bankruptcy petition under Chapter 13 of the

bankruptcy code.

**FEE AGREEMENT**

2.    The Debtors and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter

"the firm"), have agreed to an hourly billing arrangement in lieu of this Court's

standard "no look" fee award.  Per said agreement, attorney T.C. Rollins is billed at a

rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00

per hour.  Paralegals are billed at a rate of $155.00 per hour.  Legal Assistants bill at

$100.00 per hour.  Said rates are reasonable and in keeping with community custom

and standards for attorneys in this area.

3.    Throughout its representation of the Debtors herein, Applicant has maintained

itemized billing entries which are completed and maintained contemporaneously with

the associated service(s) provided.

**RETAINER**

4. The Debtors herein did not provide a retainer.

**FEES PAID TO DATE**

5. The Court previously approved interim compensation in the amount of $5,678.03 (Dk #77). Total interim compensation totals $5,678.03.

6. The trustee has disbursed $3,729.32 on this claim as of July 14, 2026.

**ADDITIONAL FEES REQUESTED**

7. None.

8. Waived

**TOTAL FEES FOR FINAL APPROVAL**

1. Applicant requests that the final award of attorney's fees be reduced to $3,729.32, being the amount already having been disbursed by the Trustee. A detailed accounting is attached hereto as Exhibit "B".

**A. LODESTAR ANALYSIS**

**1. The prevailing hourly rate in the community under § 330**

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of

experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

**2. Reasonable hours expended**

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

The process began with collecting necessary documents from the debtors, including a completed information packet, bank statements, pay stubs, and tax returns, and reviewing the debtors' credit reports in preparation for the attorneys to file the petition, schedules, and other required forms. The case was filed on August 14, 2024, after which the team prepared and filed various amendments and additional documents as needed.

Throughout the process, there was frequent communication with the debtors via email and text messages. Our legal team answered questions, requested additional information, and provided updates on the case status. We also conducted a practice Zoom meeting to prepare the

debtors for their required meeting of creditors.

Our legal team drafted and revised the Chapter 13 plan multiple times based on new information and creditor claims. We calculated plan payments, prepared Schedules I and J, and made necessary amendments to the plan and other documents. Additionally, we reviewed and responded to various Proofs of Claim filed by creditors, drafting and filing objections to certain claims when necessary. The attorneys attended the 341 meeting of creditors and prepared for and attended other hearings related to the case.

Our legal team continued to manage the case by reviewing court documents, responding to creditor actions and making necessary adjustments to the plan and other filings. We monitored payments received by the Trustee and addressed any issues that arose. Further, we provided ongoing education to the debtors about the bankruptcy process, including explanations of various documents, the purpose of different hearings, and the implications of certain actions or decisions.

### 3. Lodestar calculation

The total lodestar amount is $3,729.32, representing a combined total of 36.9 hours at a blended attorney/paraprofessional rate of $101.07 per hour.

## B. ADJUSTMENTS TO LODESTAR

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

### 1.      § 330 Factors

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services.

(B) The rates charged for such services.

(C) Whether the compensation is reasonable based on the customary compensation

charged by comparably skilled practitioners in cases other than cases under this title.

The remaining §330 factors are discussed below:

(D) Necessity and Benefit of Services.
   a. The services rendered were necessary to the administration of the case and were reasonably calculated to benefit the Debtor at the time they were performed. Counsel's work ensured compliance with the Bankruptcy Code, protected the Debtor's interests, and advanced the case toward resolution.
   b. This case was dismissed due to changed circumstances beyond the Debtor's control. Regardless of outcome, the services were appropriate and beneficial when rendered.
   c. No adjustment is warranted.

(E) Reasonableness of Time Spent.
   a. The time expended was reasonable in light of the nature and complexity of the case. Routine matters were handled efficiently, with appropriate delegation to support staff where possible.
   b. No adjustment is warranted.

(F) Skill and Experience of Counsel.
   a. Counsel is experienced in consumer bankruptcy practice and possesses the skill necessary to represent debtors effectively in cases of this type. This factor is reflected in the hourly rates used in the lodestar calculation.
   b. No further adjustment is warranted.

**2.     Johnson Factors**

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.

2. The novelty and difficulty of the questions presented.

3. The skill required to perform the legal services properly.

4. The customary fee in the community.

5. Whether the fee is fixed or contingent.

6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed below:

7.  Preclusion of Other Employment.
    a.  Not Applicable.
    b.  No adjustment is warranted.

8.  Time Limitations.
    a.  Any time constraints were typical of consumer bankruptcy practice and do not justify an adjustment.
    b.  No adjustment is warranted.

9.  Amount Involved and Results Obtained.
    a.  The results obtained are reflected in the Court's § 330 analysis above.
    b.  No adjustment is warranted.

10.  Undesirability of the Case.
    a.  While consumer bankruptcy cases require extended commitment and carry inherent risk of nonpayment, these considerations are typical for this area of practice and are reflected in the Lodestar.
    b.  No further adjustment is warranted.

11.  Nature of Relationship with Client.
    a.  The professional relationship with the Debtor was typical for a case of this type.
    b.  No adjustment is warranted.

12.  Awards in Similar Cases
    a.  Compensation requested is consistent with fees awarded in similar cases and reflects reasonable compensation for comparable non-bankruptcy services.
    b.  No adjustment is warranted.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtors to pay said attorneys' fees and expenses.  Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for
Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S.
Trustee are registered to receive electronic notice in this case.  The date of said notice is reflected
on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.