UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

MCGEE CARSWELL MAYS
KEVIN MICHAEL MAYS

CASE NO: 24-12433-JDW

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

---

On 7/15/2026, I did cause a copy of the following documents, described below,

Hearing Notice and Application for Compensation

Exhibits

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/15/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

MCGEE CARSWELL MAYS
KEVIN MICHAEL MAYS

CASE NO: 24-12433-JDW

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 7/15/2026, a copy of the following documents, described below,

Hearing Notice and Application for Compensation

Exhibits

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/15/2026

*Victoria Blake*
_____
Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
05371
CASE 24-12433-JDW
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN
WED JUL 15 09-43-38 CDT 2026

AMANDA OWENS
314 WALKER FIELD LN
MUNFORD TN 38058-5297

(P)AMERICU CREDIT UNION
1916 BLACK RIVER BLVD
ROME NY 13440-2430

AMERICAN ESOTERIC LAB
PO BOX 1442
AUSTIN TX 78767-1442

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

AMERICU CREDIT UNION
CO NATALIE BROWN
3145 AVALON RIDGE PLACE
SUITE 100
PEACHTREE CORNERS GA 30071-1570

AMEX
PO BOX 981540
EL PASO TX 79998-1540

BAPTIST MEMORIAL HOSP
PO BOX 745358
MEMPHIS TN 38120

BARCLAYS BANK DELAWARE
ATTN BANKRUPTCY
125 SOUTH WEST ST
WILMINGTON DE 19801-5014

~~EXCLUDE~~

~~LOCKE D BARKLEY~~
~~6360 I55 NORTH~~
~~SUITE 140~~
~~JACKSON MS 39211-2030~~

BRIDGECREST ACCEPTANCE
7300 E HAMPTON AVE
SUITE 100
MESA AZ 85209-3324

BRIDGECREST CREDIT COMPANY LLC AS AGENT
AIS PORTFOLIO SERVICES LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

BRIDGECREST CREDIT COMPANY LLC AS AGENT AND
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

NATALIE K BROWN
RUBIN LUBLIN LLC
3145 AVALON RIDGE PLACE
SUITE 100
PEACHTREE CORNERS GA 30071-1570

CFNA
ATTN BANKRUPTCY
PO BOX 81315
CLEVELAND OH 44181-0315

CREDIT FIRST NA
PO BOX 818011
CLEVELAND OH 44181-8011

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE NA
BY AIS INFOSOURCE LP AS AGENT
PO BOX 71083
CHARLOTTE NC 28272-1083

CARVANA LLC  BRIDGECREST CO AIS PORTFOLIO
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

(P)CENLAR FSB
425 PHILLIPS BLVD
EWING NJ 08618-1430

CENLAR FSB
CO KATHRYN LACHOWSKYKHAN
400 W CAPITOL AVE SUITE 1400
LITTLE ROCK AR 72201-3562

CHASE AUTO FINANCE
ATTN BANKRUPTCY
700 KANSAS LANE LA
MONROE LA 71203-4774

CITIBANK
PO BOX 790040
ST LOUIS MO 63179-0040

COLUMBUS ORTHOPAEDIC C
670 LEIGH DR
COLUMBUS MS 39705-3014

COMENITY BANK
ATTN BANKRUPTCY
PO BOX 182125
COLUMBUS OH 43218-2125

CREDENCE RESOURCE MANA
PO BOX 2238
SOUTHGATE MI 48195-4238

CREDIT ONE BANK
6801 CIMARRON RD
LAS VEGAS NV 89113-2273

CROWN ASSET MANAGEMENT
3100 BRECKENRIDGE BLVD
STE 725
DULUTH
GA 30096-7605

DIRECTV
PO BOX 78626
PHOENIX AZ 85062-8626

DISCOVER BANK
PO BOX 3025
NEW ALBANY OH 43054-3025

DISCOVER FINANCIAL
ATTN BANKRUPTCY
PO BOX 3025
NEW ALBANY OH 43054-3025

EDFINANCIAL SERVICES L
120 N SEVEN OAKS DRIVE
KNOXVILLE TN 37922-2359

ELITE PT
6397 LEE HWY
CHATTANOOGA TN 37421-4915

FIGURE LENDING
ATTN BANKRUPTCY
PO BOX 40534
RENO NV 89504-4534

GASTRO ONE
PO BOX 22927
NEW YORK NY 10057

IMAGING CENTER OF EXC
620A CROSSOVER RD
TUPELO MS 38801-4944

JPMORGAN CHASE BANK NA
NATIONAL BANKRUPTCY DEPARTMENT
PO BOX 29505 AZ1-5757
PHOENIX AZ 85038-9505

(P)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

KATHRYN ALLEY LACHOWSKYKHAN
FOUNDATION LEGAL GROUP LLP
400 WEST CAPITOL AVE
SUITE 1400
LITTLE ROCK AR 72201-3562

(P)LENDINGPOINT
1201 ROBERTS BLVD
SUITE 200
KENNESAW GA 30144-3612

METHODIST LEBONHEUR HEALTHCARE
1350 CONCOURSE AVE
SUITE 600
MEMPHIS TN 38104-2028

HEATHER MARTINHERRON
FOUNDATION LEGAL GROUP LLP
400 WEST CAPITOL AVENUE
STE 1400
LITTLE ROCK AR 72201-3562

(P)MCCALLA RAYMER LEIBERT PIERCE LLC
ATTN ATTN WENDY REISS
1544 OLD ALABAMA ROAD
ROSWELL GA 30076-2102

KEVIN MICHAEL MAYS
1141 BROADWING CIR N
OLIVE BRANCH MS 38654-9235

DEBTOR

MCGEE CARSWELL MAYS
1141 BROADWING CIR N
OLIVE BRANCH MS 38654-9235

METHODIST HOSPITAL
PO BOX 734184
DALLAS TX 75373-4184

NEWREZ LLC
DBA SHELLPOINT MORTGAGE SERVICING
PO BOX 10826
GREENVILLE SC 29603-0826

NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICI
PO BOX 10826
GREENVILLE SC 29603-0826

NORTH MS HEALTH SERVIC
PO BOX 2240
TUPELO MS 38803-2240

OCH REGIONAL MEDICAL C
PO BOX 1506
STARKVILLE MS 39760-1506

(P)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

QUANTUM3 GROUP LLC AS AGENT FOR
COMENITY BANK
PO BOX 788
KIRKLAND WA 98083-0788

QUANTUM3 GROUP LLC AS AGENT FOR
SADINO FUNDING LLC
PO BOX 788
KIRKLAND WA 98083-0788

~~EXCLUDE~~

RESURGENT RECEIVABLES LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

~~THOMAS C ROLLINS JR~~
~~THE ROLLINS LAW FIRM PLLC~~
~~PO BOX 13767~~
~~JACKSON MS 39236-3767~~

SPECIALTY PHYS GRPSUTHERLAND
1350 CONCOURSE AVE
SUITE 600
MEMPHIS TN 38104-2028

SPECIATY ORTHOPEDIC
PO BOX 32653
CHARLOTTE NC 28232-2653

(P)STERN CARDIOVASCULAR FOUNDATION
PO BOX 1000 DEPT 984
MEMPHIS TN 38148-0001

SYNCHRONY
ATTN BANKRUPTCY
PO BOX 955060
ORLANDO
FL 32896-5060

SYNCHRONY BANK
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANK
BY AIS INFOSOURCE LP AS AGENT
PO BOX 4457
HOUSTON TX 77210-4457

SYNCHRONY BANKGAP
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANKHHGREGG
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONYASHLEY
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONYPAYPAL
ATTN BANKRUPTCY
PO BOX 965064
ORLANDO FL 32896-5064

~~EXCLUDE~~

(P)TD BANK USA N A
ATTN CO WEINSTEIN  RILEY P S
1415 WESTERN AVE
SUITE 700
SEATTLE WA 98101-2051

TARGET
PO BO 9475
MINNEAPOLIS MN 55440-9475

~~U S TRUSTEE~~
~~501 EAST COURT STREET SUITE 6430~~
~~JACKSON MS 39201-5022~~

US DEPARTMENT OF EDUCATION
120 N SEVEN OAKS DRIVE
KNOXVILLE TN 37922-2359

UNITED WHOLESALE MORT
585 S BOULEVARD EAST
PONTIAC MI 48341-3163

UNITED WHOLESALE MORTGAGE LLC
ATTN BANKRUPTCY DEPARTMENT
425 PHILLIPS BLVD
EWING NJ 08618-1430

UNITED WHOLESALE MORTGAGE LLC
CENLAR FSB
ATTN- BANKRUPTCY DEPARTMENT
425 PHILLIPS BLVD
EWING NJ 08618-1430

UNIVERSAL COLLECTION S
PO BOX 751090
MEMPHIS TN 38175-1090

UPGRADE LOANS
2 N CENTRAL AVE
PHOENIX AZ 85004-2322

VALLEY STRONG CREDIT UNION
14841 DALLAS PARKWAY SUITE 350
DALLAS TX 75254-7685

VALLEY STRONG CREDIT UNION
CO CORNERSTONE SERVICING
PO BOX 4638
ENGLEWOOD CO 80155-4638

VALLEY STRONG CREDIT UNION
CO NEWREZ LLC
DBA SHELLPOINT MORTGAGE SERVICING
PO BOX 10826
GREENVILLE SOUTH CAROLINA 29603-0826

CM/ECF hrg11
(Rev. 07/22/16)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

In Re:  McGee Carswell Mays and Kevin )    Case No.: 24–12433–JDW
Michael Mays                           )    Chapter: 13
Debtor(s)                              )    Judge: Jason D. Woodard
                                       )
                                       )

PLEASE TAKE NOTICE that a hearing will be held at

Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655

on 9/15/26 at 01:30 PM

Responses Due: 8/10/26

to consider and act upon the following:

*90* – Final Application for Compensation for Thomas C. Rollins Jr., Debtor's Attorney, Fee: $3,729.32, Expenses: $0.00. Filed by Thomas C. Rollins Jr.. (Attachments: # 1 Exhibit A Invoice # 2 Exhibit B Accounting # 3 Affidavit # 4 Proposed Order) (Rollins, Thomas)

Should any party receiving this notice respond or object to said motion such response or objection is required to be filed with the Clerk of this court and served on the Attorney for Movant on or before said response due date. If any objection or response is filed, an evidentiary hearing will be held on the above mentioned date regarding any facts not stipulated to by the parties. If no objection or response is filed, the Court may consider said motion immediately after the objection or response due date. Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney.

A copy of the motion is required to be served pursuant to Rules 9013 and 9014. THE MOVING PARTY'S ATTORNEY IS REQUIRED BY THE STANDING ORDER TO PERFORM NOTICING AS TO SAID MOTION, THE NOTICE OF HEARING, AND THE OBJECTION DEADLINE, ACCORDING TO THE TERMS OF SAID STANDING ORDER. Please see the Standing Order available at: http://www.msnb.uscourts.gov/sites/msnb/files/so_notic_revised.pdf

Dated: 7/14/26

Shallanda J. Clay
Clerk, U.S. Bankruptcy Court

BY: CAH
Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:   **McGee Carswell Mays**                                      **Case No. 24-12433-JDW**
         **Kevin Michael Mays, Debtors**                             **CHAPTER 13**

<u>**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF NECESSARY EXPENSES
FOR THOMAS C. ROLLINS, JR.**</u>

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtors, and

files this *Final Application for Allowance of Compensation and Reimbursement of Necessary*

*Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this

Honorable Court as follows, to-wit:

1.     On August 14, 2024, Debtors filed a bankruptcy petition under Chapter 13 of the

bankruptcy code.

**FEE AGREEMENT**

2.     The Debtors and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter

"the firm"), have agreed to an hourly billing arrangement in lieu of this Court's

standard "no look" fee award.  Per said agreement, attorney T.C. Rollins is billed at a

rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00

per hour.  Paralegals are billed at a rate of $155.00 per hour.  Legal Assistants bill at

$100.00 per hour.  Said rates are reasonable and in keeping with community custom

and standards for attorneys in this area.

3.     Throughout its representation of the Debtors herein, Applicant has maintained

itemized billing entries which are completed and maintained contemporaneously with

the associated service(s) provided.

## RETAINER

4.      The Debtors herein did not provide a retainer.

## FEES PAID TO DATE

5.      The Court previously approved interim compensation in the amount of $5,678.03 (Dk #77).  Total interim compensation totals $5,678.03.

6.      The trustee has disbursed $3,729.32 on this claim as of July 14, 2026.

## ADDITIONAL FEES REQUESTED

7.      None.

8.      Waived

## TOTAL FEES FOR FINAL APPROVAL

1.      Applicant requests that the final award of attorney's fees be reduced to $3,729.32, being the amount already having been disbursed by the Trustee. A detailed accounting is attached hereto as Exhibit "B".

## A. LODESTAR ANALYSIS

### 1. The prevailing hourly rate in the community under § 330

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of

experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

**2. Reasonable hours expended**

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

The process began with collecting necessary documents from the debtors, including a completed information packet, bank statements, pay stubs, and tax returns, and reviewing the debtors' credit reports in preparation for the attorneys to file the petition, schedules, and other required forms. The case was filed on August 14, 2024, after which the team prepared and filed various amendments and additional documents as needed.

Throughout the process, there was frequent communication with the debtors via email and text messages. Our legal team answered questions, requested additional information, and provided updates on the case status. We also conducted a practice Zoom meeting to prepare the

debtors for their required meeting of creditors.

Our legal team drafted and revised the Chapter 13 plan multiple times based on new information and creditor claims. We calculated plan payments, prepared Schedules I and J, and made necessary amendments to the plan and other documents. Additionally, we reviewed and responded to various Proofs of Claim filed by creditors, drafting and filing objections to certain claims when necessary. The attorneys attended the 341 meeting of creditors and prepared for and attended other hearings related to the case.

Our legal team continued to manage the case by reviewing court documents, responding to creditor actions and making necessary adjustments to the plan and other filings. We monitored payments received by the Trustee and addressed any issues that arose. Further, we provided ongoing education to the debtors about the bankruptcy process, including explanations of various documents, the purpose of different hearings, and the implications of certain actions or decisions.

**3. Lodestar calculation**

The total lodestar amount is $3,729.32, representing a combined total of 36.9 hours at a blended attorney/paraprofessional rate of $101.07 per hour.

**B. ADJUSTMENTS TO LODESTAR**

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

**1.    § 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services.

(B) The rates charged for such services.

(C) Whether the compensation is reasonable based on the customary compensation

charged by comparably skilled practitioners in cases other than cases under this title.

The remaining §330 factors are discussed below:

(D) Necessity and Benefit of Services.
   a. The services rendered were necessary to the administration of the case and were reasonably calculated to benefit the Debtor at the time they were performed. Counsel's work ensured compliance with the Bankruptcy Code, protected the Debtor's interests, and advanced the case toward resolution.
   b. This case was dismissed due to changed circumstances beyond the Debtor's control. Regardless of outcome, the services were appropriate and beneficial when rendered.
   c. No adjustment is warranted.

(E) Reasonableness of Time Spent.
   a. The time expended was reasonable in light of the nature and complexity of the case. Routine matters were handled efficiently, with appropriate delegation to support staff where possible.
   b. No adjustment is warranted.

(F) Skill and Experience of Counsel.
   a. Counsel is experienced in consumer bankruptcy practice and possesses the skill necessary to represent debtors effectively in cases of this type. This factor is reflected in the hourly rates used in the lodestar calculation.
   b. No further adjustment is warranted.

**2.    Johnson Factors**

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.

2. The novelty and difficulty of the questions presented.

3. The skill required to perform the legal services properly.

4. The customary fee in the community.

5. Whether the fee is fixed or contingent.

6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed below:

7. Preclusion of Other Employment.
   a. Not Applicable.
   b. No adjustment is warranted.

8. Time Limitations.
   a. Any time constraints were typical of consumer bankruptcy practice and do not justify an adjustment.
   b. No adjustment is warranted.

9. Amount Involved and Results Obtained.
   a. The results obtained are reflected in the Court's § 330 analysis above.
   b. No adjustment is warranted.

10. Undesirability of the Case.
   a. While consumer bankruptcy cases require extended commitment and carry inherent risk of nonpayment, these considerations are typical for this area of practice and are reflected in the Lodestar.
   b. No further adjustment is warranted.

11. Nature of Relationship with Client.
   a. The professional relationship with the Debtor was typical for a case of this type.
   b. No adjustment is warranted.

12. Awards in Similar Cases
   a. Compensation requested is consistent with fees awarded in similar cases and reflects reasonable compensation for comparable non-bankruptcy services.
   b. No adjustment is warranted.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtors to pay said attorneys' fees and expenses.  Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case.  The date of said notice is reflected on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.